No. 977

RUDY v. LAKESIDE HOSPITAL

Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 6092.   Decided Nov. 9, 1925

613.  **HOSPITALS**—Where a public charitable hospital exercises reasonable care in selection of its servants, it is not liable on control for the acts of its servants.

SULLIVAN, J.

This case originated in the Cleveland Municipal Court. The error predicated, is that the court below maintained a judgment in favor

## STATE COURT OF APPEALS—Continued

of the Lakeside Hospital, because from the pleadings, it is admittedly a charitable institution. Rudy claimed that there would be no liability on the part of the Hospital if this action arose in tort, but that there is a liability on the part of the Hospital in the instant case because the suit is based upon that class of contracts known as bailments.

The facts, substantially, are that Alda Rudy met with an accident and was taken to the Hospital. She had valuables upon her person which were delivered to the nurse, who delivered them to a person pretending to be Rudy's son-in-law. Later the claim of relationship was disclaimed by Mrs. Rudy as a fraud.

It was claimed by Rudy that the case of Taylor v. Hospital, 85 OS. 90, is not applicable in the instant case because here the suit is based in contract. The Taylor case holds that a public charitable hospital is not liable for injuries to a patient resulting from negligence of a nurse employed by it. The Court of Appeals in offering the judgment of the lower court held:

1. Inasmuch as this action arose in contract and not tort, the real question is whether the authority cited applies to bailments as well as tort.

2. It does not follow that the Supreme Court intended to make a distinction between tort and contract.

3. It was clearly the intention of the Supreme Court to relieve charitable institutions for liability for acts of servants arising either in tort or contract.

4. Such a doctrine is found upon public policy growing out of the charitable nature of the institution, and its public character as a unit of the body politic.

5. The position of Taylor was that the doctrine of "respondeat superior" applies; and that having accepted deceased as a pay patient a contractual relation existed between the parties. 85 OS. 90.

6. The above language shatters the contention of Rudy that there is an exception in cases based in contract between the patient and the hospital.

Judgment affirmed.

Attorneys—Howell, Roberts and Duncan for Rudy; Dustin, McKeehan, Merrick, Arter & Stewart for Hospital; all of Cleveland.